**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LORETTA KOPERDAK, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NORTHSTAR LOCATION SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Loretta Koperdak brings this action to secure redress from unlawful collection practices engaged in by defendant Northstar Location Services, LLC ("Northstar"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendants' collection communications were sent into this District;

      b.      Defendants do or transact business within this District.

### PARTIES

4.      Plaintiff Loretta Koperdak is an individual who lives in this District.

5.      Defendant Northstar is a New York limited liability company with principal office located at 4285 Genesee Street, Cheektowaga, New York 14225. Its registered agent and office is 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

6.      Northstar is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

1

7.  Northstar is a debt collector as defined in the FDCPA.

## FACTS

8.  Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family, or household purposes.

9.  On or about September 2, 2014, Northstar sent plaintiff the letter attached as Exhibit A in a window envelope.

10.  The window displayed the account number or reference number which Northstar assigned to plaintiff.

11.  Exhibit A was a printed form, prepared in a standard manner. It has bar-coded addresses and return addresses, required by the Postal Services for a discounted postage rate when 500 or more similar pieces of mail are sent at once.

## COUNT I – FDCPA – CLASS CLAIM

12.  Plaintiff incorporates paragraphs 1-11.

13.  The display of the account number violated 15 U.S.C. §1692f(8).  *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir. 2014).

14.  Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(8)      Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.**

## CLASS ALLEGATIONS

15.  Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

16.  The class consists of (a) all individuals with Illinois addresses (b) to whom Northstar

2

Location Services, LLC, sent correspondence (c) showing an account number on the outside (d) which correspondence was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

17.    The class is so numerous that joinder of all members is not practicable. On information and belief, based on the use of form, bar-coded documents, there are over 40 members of the class.

18.    There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether <u>Exhibit A</u> improperly reveal Northstar and related numerical designations.

19.    Plaintiff's claims are typical of the claims of the class members. All are based on the same common questions of law and fact.

20.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

21.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (1)    Statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other and further relief as the Court deems proper.


<u>s/Daniel A.Edelman</u>
Daniel A. Edelman

3

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\30716\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

      Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                        s/Daniel A.Edelman
                        Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

5